IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01486-RBJ-KMT

VENTURA, INC.; JOHN R. BUTLER;
KEITH WEGEN; JJJ FOUNDATION, INC.;
and TRIANGLE RIVER 401 LLC,

      Plaintiffs,

vs.

SHARKANSKY LLP; SCOTT ESTABROOKS;
TOBIN & ASSOCIATES, P.C.; RICHARD J.
TOBIN; HOLLAND & KNIGHT LLP; and
RICHARD J. HINDLIAN,

      Defendants.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Unopposed Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under F.R.C.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to jurisdictional discovery conducted as a result of the Court's October 2, 2013 order. Should the case proceed beyond jurisdictional discovery to broader general discovery, the parties envision amending this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Documents, materials, and/or information designated "CONFIDENTIAL" (collectively, "CONFIDENTIAL information") shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiffs or Defendants, and confidential and proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    A.    attorneys actively working on this case;

    B.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    C.    the parties;

    D.    expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

    E.    the Court and its employees ("Court Personnel");

    F.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  G. deponents, witnesses, or potential witnesses; and

  H. other persons by written agreement of the parties.

 5. The terms and provisions of this Protective Order will equally apply to persons identified in paragraph 4(A)-(H) in relationship to the civil action presently pending in the Superior Court of Suffolk County, Massachusetts, styled *Richard H. Sgarzi, et al. v. Sharkansky LLP, et al.*

 6. Prior to disclosing any CONFIDENTIAL information to any person listed above in 4.C., 4.D., 4.G., or 4.H. (and paragraph 5 which incorporates these provisions, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as <u>Exhibit A</u>, stating that such person has read and agrees to be bound by this Protective Order. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

 8. Prior to designating any information as CONFIDENTIAL under this Protective Order, counsel for the producing party shall review the information to be disclosed and designate the information it believes in good-faith is CONFIDENTIAL or otherwise entitled to protection.

 9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. An inadvertent failure to designate documents and information as "Confidential" shall not constitute a waiver of a claim of confidentiality and shall be corrected by prompt supplemental written notice designating the documents and information as "Confidential." The Designating Party and Party receiving the information shall confer regarding the most efficient

-5-

method for marking the documents and information with the "Confidential" stamp, with the Designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement. A written notice shall identify with specificity the information or documents that contain Confidential information. In addition, the Party receiving the Confidential information shall use its best efforts to immediately retrieve any inadvertently disclosed Confidential information from any persons to whom it gave Confidential information and who is not otherwise entitled to see the Confidential information. Any dispute regarding corrected designations that the Parties are unable to resolve shall be brought before the Court, but all corrected designations shall be binding upon the Parties unless and until the Court orders otherwise.

12. An inadvertent production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity. In such an event, pursuant to Colorado Rules of Professional Conduct 4.4(b) and (c) and Colorado Ethics Opinion 108, all Parties shall destroy immediately (or return to the produced Party's counsel) all copies of this document and withdraw this document from any use in the above referenced lawsuit. Any Party discovering the inadvertent or mistaken produced shall notify all other Parties, in writing, within five (5) business days of learning of the inadvertent or mistaken production and shall request or facilitate the return of all information for which an inadvertent or mistaken production is made. Within ten (10) business days after receiving a written request to do so, the receiving Party of those documents shall return to the producing Party any documents or tangible items that the

producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information. Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

13. At the conclusion of this case, unless other arrangements are agreed upon in writing, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

-7-

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

15. Dated: November 4, 2013

                BY THE COURT:

                _____
                UNITED STATES MAGISTRATE JUDGE
                Kathleen M. Tafoya

# EXHIBIT A
# UNDERTAKING

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. My address is _____
_____.
2. My present employer is _____, and the address of my employer is_____.
3. My present occupation or job description is _____
_____.
4. I have received a copy of the Stipulated Protective Order in this case (Civil Action No. 13-cv-01486), signed by the United States District Court, District of Colorado.
5. I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any designated information or any words, substances, summaries, abstracts or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained.

                                                          _____
                                                          NAME:

Subscribed and sworn to before me this ____ day of _____, 2013, by _____, notary public.

Witness my hand and official seal.

                                                          _____
                                                          Notary Public
                                                          My commission expires:_____

6486577_3